UNITED STATES DISTRICT COURT
                     FOR THE DISTRICT OF VERMONT

FIRST ANGEL CAPITAL, LLC,           :
ERIN CROWLEY, and SEAN CROWLEY,     :
        Plaintiffs,                 :
                                    :
            v.                      :     File No. 1:07-CV-192
                                    :
LINCOLN BENEFIT LIFE COMPANY,       :
        Defendant.                  :
_____:

              RULING ON DEFENDANT'S MOTION TO DISMISS
                            (Paper 15)

   At the heart of this case are Plaintiffs' claims of entitlement to death benefits under a life insurance policy (the "policy") issued to decedent James Crowley ("Crowley") by Defendant Lincoln Benefit Life Company ("Defendant").  Now pending is Defendant's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), in which Defendant argues the policy lapsed on May 15, 2006 for nonpayment of premiums prior to Crowley's death on July 6, 2006.

   Defendant's motion is unpersuasive for at least two reasons.  First, although the policy is clear enough about when it lapses — if the policyholder fails to pay a premium within thirty-one days after a premium due date, (Paper 15-3 at 8) — the question of whether the policy conclusively lapsed on May 15, 2006 for nonpayment of an April 15, 2006 premium is a factual matter

                                  1

incapable of resolution at this stage.  Nothing in the record even establishes Crowley owed a premium payment on April 15, 2006.  The policy only indicates Crowley chose "Quarterly Direct" as his "Premium Mode."  (Paper 15-3 at 14).  Nor does the Court understand Plaintiffs to have yet conceded as much, (Paper 18 at 5); indeed, the complaint merely references a July 27, 2006 letter in which Defendant "alleged that coverage had lapsed on or about May 15, 2006."  (Paper 5, ¶ 15).

Second, even assuming the policy lapsed and Crowley failed to reinstate the policy under its written terms,[1] Plaintiffs have adequately pled that Defendant waived any lapse and effectively reinstated the policy by cashing Crowley's May 25, 2006 premium check and refunding it two months later only upon learning of his death.  (Paper 5, ¶¶ 15-18).  In a riposte ringing of truth, Defendant argues "[d]eposit of the late premium alone is not sufficient to create waiver of the specific terms for reinstatement," (Paper 21 at 6).  See Sharp v. Valley Forge Life Ins. Co., 490 F. Supp. 2d 909, 917 (E.D. Tenn. 2007) (finding the deposit of an untimely premium payment did not waive the termination of a policy "[w]ithout some attempt by Defendant to retain the funds, or some other action by Defendant consistent

---

[1] The policy provides for reinstatement upon a timely request for reinstatement, proof of insurability, and payment of all due and unpaid premiums plus interest. (Paper 15-3 at 8).

2

with an intent to reinstate the Policy"). But this case is only at the initial pleading stage. In other words, so long as Plaintiffs have set forth a plausible theory of waiver, they should have the opportunity to discover whether Defendant engaged in any actions consistent with reinstatement of the policy. Accepting the facts surrounding the treatment of Crowley's May 25, 2006 premium check as pleaded and considering the inferences to be drawn therefrom in the light most favorable to Plaintiffs, as must be done under Rule 12(b)(6), the Court concludes a plausible theory of waiver is at issue.

Accordingly, Defendant's motion to dismiss (Paper 15) is DENIED. Defendant shall file an answer to the complaint and the parties shall file a joint proposed discovery schedule on or before January 21, 2008.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 21st day of December, 2007.

/s/ J. Garvan Murtha
J. Garvan Murtha
United States District Judge